NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-343

JAMES ALFIERI & others[1]

vs.

DEPARTMENT OF ENVIRONMENTAL PROTECTION & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs (abutters) brought an action in the Superior Court pursuant to G. L. c. 30A, § 14, seeking judicial review of a final decision of the Commissioner of the Department of Environmental Protection (DEP) dismissing the abutters' appeal from a superseding order of conditions (SOC) issued by DEP for property owned by the Colsac Trust and affirming the issuance of

---

[1] Cheryl Alfieri, Steve Branch, Kim Branch, Joseph Daley, Linda Daley, Steve Donahue, Dena Donahue, Alan Fletcher, Dawn Fletcher, Tom Foley, Becky Foley, Mike Lopes, Patricia Lopes, Paul McLean, Jaime McLean, Robert Meenan, Ann Meenan, Amy Pothier, Barry Reagen, Chantel Reagan, Jeff Reed, Donna Reed, Rob Rooney, Carlee Rooney, Mike Tuffy, Melinda Tuffy, Clayton Waterman, and Donna Waterman.

[2] Colsac Trust and the Commissioner of the Department of Environmental Protection.

the SOC.  A judge granted judgment on the pleadings in favor of the defendants, affirming the final decision of the DEP, and the abutters appealed.  We affirm.  The parties are familiar with the facts of this case, and we do not repeat them here.

Discussion.  1.  Standard of review.  "We review a judge's ruling on a motion for judgment on the pleadings de novo." Boston Clear Water Co., LLC v. Lynnfield, 100 Mass. App. Ct. 657, 660 (2022).  "Under G. L. c. 30A, § 14 (7), [w]e shall uphold an agency's decision unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law" (quotation and citation omitted).  Massachusetts Sober Hous. Corp. v. Automatic Sprinkler Appeals Bd., 66 Mass. App. Ct. 701, 704-705 (2006).  We consider "the entire record, [and] give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."  G. L. c. 30A, § 14 (7).  See Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).

2.  Commissioner of the DEP's dismissal of the abutters' appeal.  The abutters make several arguments concerning the merits of their appeal before DEP, however that issue is not before us.  Our review is limited to whether it was error for

the Commissioner of the DEP (commissioner) to issue a final decision adopting the presiding officer's recommendation to dismiss the abutters' appeal based on the procedural grounds underlying the recommendation:  the abutters' "repeated failure to substantiate their claims in the appeal by failing without good cause to identify their expert witnesses and file the pre-filed testimony of expert witnesses supporting [their] claim."  See Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010) ("commissioner's interpretation of regulations is conclusive at the agency level, and is the only interpretation that is entitled to deference by a reviewing court").  We conclude that there was no error.

"[A]gencies have broad discretion over procedural aspects of matters before them."  Zachs v. Department of Pub. Utils., 406 Mass. 217, 227 (1989).  A reviewing court defers to an agency's procedural rulings, reviewing them only for error of law or abuse of discretion.  Commercial Wharf E. Condominium Ass'n v. Department of Envtl. Protection, 93 Mass. App. Ct. 425, 433-434 (2018).  Here, the abutters argue that 310 Code Mass.

3

Regs. §§ 1.01(9) (2007)[3] and (12)(f) (2004)[4] do not apply to wetlands appeals, and 310 Code Mass. Regs. §§ 10.04 (2014) and 10.05(7)(j)(3)(a) (2014) apply instead. We disagree. Although it is true that 310 Code Mass. Regs. §§ 10.04 and 10.05 apply to projects in areas subject to protection under the Wetlands Protection Act, this does not mean that 310 Code Mass. Regs. § 1.01 is inapplicable here. Title 310 Code Mass. Regs. § 10.05(7)(j) sets out the procedural requirements for appeals from superseding orders of conditions, but 310 Code Mass. Regs. § 1.01 generally "governs the conduct of adjudicatory appeals and adjudicatory hearings of the Department of Environmental Protection under . . . G. L. c. 30A." 310 Code Mass. Regs. § 1.01(1)(a). Absent a "conflict between the regulations governing wetland appeals set forth in [310 Code Mass. Regs. §§ 10.04 and 10.05(7)(j)] . . . and the Rules of Adjudicatory

---

[3] Under 310 Code Mass. Regs. § 1.01(9)(b)(1), the presiding officer may order the parties to file a prehearing memorandum including a list of witnesses and a summary of each witness's testimony. Under 310 Code Mass. Regs. § 1.01(9)(c)(2), the presiding officer is empowered to impose sanctions for a party's failure to comply with such an order.

[4] Under 310 Code Mass. Regs. § 1.01(12)(f), the presiding officer is authorized to "order all parties to file within a reasonable time in advance of the hearing the full written text of the testimony of their witnesses on direct examination . . . . Failure [of the petitioner] to file prefiled direct testimony within the established time, without good cause shown, shall result in summary dismissal of the [petitioner] and the appeal . . . ."

4

Proceedings set forth in [310 Code Mass. Regs. § 1.01]," the latter applies to wetlands appeals. 310 Code Mass. Regs. §§ 10.05(7)(j)(9)(a), (b). The abutters have not pointed to, nor do we discern, any conflict between 310 Code Mass. Regs. §§ 1.01(9), (12)(f), and the wetlands appeals regulations.

Furthermore, 310 Code Mass. Regs. § 10.05(7)(j)(9)(b) expressly incorporates certain subsections of 310 Code Mass. Regs. § 1.01 into wetlands appeals, including: § 1.01(3)(e), which states that "[p]arties who do not conform to time limits or schedules established by the Presiding Officer shall, absent good cause shown, summarily be dismissed for failure to prosecute the case"; § 1.01(5), which permits the presiding officer to issue "recommended final decisions for the dismissals of appeals" where there is "lack of prosecution for failure to . . . comply with an order"; and § 1.01(10), which permits the presiding officer to impose sanctions, including dismissal, if a party fails to "comply with orders issued and schedules established in orders." These regulations explicitly permitted the actions of the presiding officer here.

The presiding officer ordered the parties to file a prehearing statement that included the disputed facts, legal issues in the appeal with citations to supporting legal authority, and the names of each party's witnesses who would file prefiled testimony. The abutters missed the deadline and

5

did not file their prehearing statement until after the presiding officer sent them a reminder and extended the due date.[5]  At the prehearing conference, the presiding officer informed the abutters that he "would be well within [his] authority . . . to issue a [r]ecommended [f]inal [d]ecision recommending [the appeal be dismissed for] failure to file a timely and proper [p]re-[h]earing [s]tatement," and emphasized that he "would not be so lenient in the future if the [abutters] failed to comply with [his] directives in the appeal."

After the prehearing conference, the presiding officer determined that testimony from at least one wetlands expert was necessary for the abutters to meet their burden of proof[6] with respect to the technical, substantive issues in the appeal of whether certain streams were perennial or intermittent and whether the land underlying the SOC was "[i]solated [l]and [s]ubject to [f]looding" pursuant to 310 Code Mass. Regs.

---

[5] In addition to being untimely, the abutters' prehearing statement did not include all the information required by the order.  Specifically, it did not provide the names of witnesses who would testify on the abutters' behalf.  In fact, it did not address the matter of witnesses at all.

[6] Contrary to the abutters' contention that the presiding officer erred in placing the burden of proof on them, under 310 Code Mass. Regs. § 10.05(7)(j)(3)(b), the party appealing from the issuance of a SOC has "the burden of going forward pursuant to [310 Code Mass. Regs. § 10.03(2) (2014)], and proving its direct case by a preponderance of the evidence."

§ 10.57 (2014).  The presiding officer ordered the parties to file sworn prefiled testimony of their witnesses and a prehearing memorandum of law on the issues in the appeal, and again the abutters failed to meet the deadline.

The presiding officer sent an e-mail message to the parties stating that he would begin the process of dismissing their appeal unless the abutters filed a memorandum demonstrating good cause for failure to comply.  In response, the abutters filed a memorandum stating that they did "not have witnesses, nor questions for the Applicant and [DEP's] attestors at the Hearing."  Accordingly, the presiding officer then notified the parties that he would recommend the commissioner issue a final decision dismissing the abutters' appeal "for failure to file the sworn [p]re-filed [t]estimony of their witnesses, including expert witnesses, supporting the claims in the appeal."  He issued a recommended final decision to this effect, which the commissioner adopted.[7]

The presiding officer acted within his authority under 310 Code Mass. Regs. § 1.01 in issuing the orders discussed above and he acted within his authority under § 1.01(3)(e), (5), and (10) in canceling the hearing and recommending dismissal of the

_____

[7] The abutters subsequently filed a motion for reconsideration.  The commissioner adopted the presiding officer's recommendation to deny the motion.

abutters' appeal based on their failure to comply with those orders. We defer to the presiding officer's determination that testimony from at least one wetlands expert was necessary for the abutters to meet their burden of proof. See Flint, 412 Mass. at 420. Moreover, "[t]he primary function of the hearing [is] cross-examination of witnesses." 310 Code Mass. Regs. § 10.05(7)(j)(7)(h). Where the abutters averred that they had no witnesses to call and had no questions for the other parties' witnesses, we discern nothing improper in the presiding officer's determination that the abutters' repeated failure to identify expert witnesses and submit prefiled testimony was without good cause and amounted to a failure to substantiate their claim. Because the presiding officer acted within his discretion and the abutters have failed to demonstrate that the commissioner erred by adopting the presiding officer's recommended decision, we hold there was no error.[8] See Ten Local Citizen Group, 457 Mass. at 228 (party challenging agency's interpretation of its own rules has "formidable burden" to show interpretation is not rational).

---

[8] To the extent that the abutters argue that dismissal was in error because they timely submitted their "[d]irect [c]ase" pursuant to 310 Code Mass. Regs. § 10.05(7)(j)(3)(a), this argument lacks merit because the presiding officer's reasons for recommending dismissal were independent of the timeliness of that filing and adequately supported dismissal.

8

For the reasons discussed above, we also find unavailing the abutters' contention that they were "denied a fair hearing." The abutters had ample opportunity to comply with the presiding officer's orders and ample notice of the consequences for failing to do so, including dismissal of their appeal.

The abutters make several constitutional arguments, arguing that dismissing their appeal violated their rights under the First, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. They further claim that various DEP officials violated G. L. c. 268, G. L. c. 268A, and 18 U.S.C. § 241. These claims are waived as they are not supported by sufficient legal argument or factual detail, and therefore fail to rise to the level of appellate argument. See Massachusetts Appeals Court, Appeals Court Informal Brief Pilot Program, http://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program (informal brief must contain "adequate appellate argument [and t]he Appeals Court does not have to consider any argument that . . . lacks legal or factual support"). See also Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

The abutters also allege that DEP's counsel did not adhere to several of the rules of professional conduct. We are unpersuaded by these claims because the abutters have made no attempt to demonstrate how they were prejudiced by the alleged

violations.  See G. L. c. 30A, § 14 (7) (reviewing court may set aside or modify agency decision only if "substantial rights of any party may have been prejudiced" as a result); G. L. c. 231, § 119 (no error or defect in any action or omission by trial court or any party is grounds for disturbing judgment or order absent showing that error "injuriously affected the substantial rights of the parties").[9,10]

Judgment affirmed.

By the Court (Desmond, Tan & Wood, JJ.[11]),

Clerk

Entered: July 21, 2026.

---

[9] We have read and reviewed the abutters' submissions concerning the service and electronic filing of the appellees' brief, and we are satisfied that any issues therewith have neither prejudiced the abutters nor compromised the integrity of this appeal.  To the extent that the abutters seek to raise arguments for the first time in these submissions concerning the propriety of the commissioner's final decision, these arguments are waived and we do not consider them.  See Smith v. Bell Atl., 63 Mass. App. Ct. 702, 725 n.8 (2005) ("An argument that is not raised in a party's principal brief may be deemed waived").

[10] The defendant Colsac Trust's request for attorney's fees is denied.

[11] The panelists are listed in order of seniority.